# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

STEVEN BELL,                                                                              PLAINTIFF
REG. #19498-026

4:18CV00648-KGB-JTK

GENE BEASLEY, et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I.   Introduction

Plaintiff Steven Bell is a former federal inmate who filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging inadequate medical care and treatment during his incarceration at the Federal Correctional Institution (FCI), Forrest City, Arkansas in August 2017.[1] Defendants Beasley, Curiel, Smith and Jackson were dismissed on February 4, 2019. (Doc. No. 35)

This matter is before the Court on Motion for Summary Judgment, Brief in Support, and Statement of Facts filed by Defendants Hickerson and Hoy (Doc. Nos. 29-31), and on Defendant Jumper's Motion to adopt the Summary Judgment Motion (Doc. No. 32). When Plaintiff failed to

---

[1] Plaintiff filed notice of a change in his address on December 4, 2018, which indicated a release from incarceration. (Doc. No. 22).

respond, this Court issued an Order on January 28, 2019, directing him to respond within fifteen days of the date of the Order (Doc. No. 34). The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.)   The copy of the Order sent to Plaintiff at his last-known address was returned to the Court as undeliverable on February 19, 2019 (Doc. No. 36), and Plaintiff has not responded to the Motion.[2]

## II.   Complaint

Defendant Jumper sutured Plaintiff's nose after he injured it at FCI in August 2017. (Doc. No. 2, p. 4) Shortly thereafter, the sutures fell off and when Plaintiff returned for treatment, Jumper told him the nose was okay. (Id.) However, Plaintiff's nose kept moving out of place and numerous requests for medical care were denied. (Id., p. 5) Defendant Hickerson told him the nose was not broken despite pain and swelling, and did not examine Plaintiff until January, when she acted indifferent. (Id.) When Plaintiff complained to Defendant Hoy, she told him to place a sick call. (Id.) He did not receive an x-ray or treatment for his nose until he was transferred to the OKC Transfer Center, and the x-ray showed a broken nose and an infection (Id., p. 6)

## III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears

---

[2] Numerous documents sent to Plaintiff since December 10, 2018, were returned to the Court as undeliverable. (Doc. Nos. 24, 27 33)

3

the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

Defendants asks the Court to dismiss Plaintiff's allegations against them for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to the Declaration of Andrea Brooks-Smith, Associate Warden's Secretary at FCI, Forrest City, the three-step federal administrative remedy process is instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the Unit level. (Doc. No. 31-1, p. 3) Two appeals from that level are provided, to

the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons (BOP), via a BP-11 form (Id.) Inmates may file "sensitive" administrative remedies directly with the Region if the inmate reasonably believes the issue is sensitive and his safety or well-being might be in danger if the request became known at the institution. (Id., p. 4) If the Regional Administrative Remedy Coordinator agrees that the request is sensitive, it will be accepted. (Id.) Otherwise, it will be rejected and the inmate should pursue the matter by submitting a request locally to the Warden. (Id.) According to the SENTRY system, which permanently records administrative remedy submissions from each institution, region and General Counsel Office, Plaintiff filed thirteen administrative remedy requests or appeals while incarcerated. (Id., pp. 3-4) Plaintiff exhausted only one of those remedies, which was unrelated to the issues of this Complaint. (Id., pp. 5, 13, 15, 17)   Based on this Declaration and Plaintiff's administrative remedy records, Defendants ask the Court to dismiss the present action for failure to exhaust.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels.   In this case, as mentioned above, the final level is the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP-11 form.   In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough,

regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, in Chelette v. Harris, the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.2d 684, 688 (8th Cir. 2000). In Chelette, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." Id. Therefore, the Court concluded that the statute clearly requires exhaustion. In Johnson v. Jones, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

It is clear from the records and Declaration presented by Defendants, that Plaintiff did not fully exhaust his administrative remedies with respect to the allegations asserted against Defendants prior to filing his complaint. Absent a response and further explanation by the Plaintiff, the Court therefore finds his Complaint should be dismissed for failure to exhaust, as mandated by the PLRA.

**IV. Conclusion**

IT IS, THEREFORE, RECOMMENDED, that:

1. The Motion for Summary Judgment filed by Defendants Hoy and Hickerson (Doc. No. 29) be GRANTED.

2. Defendant Jumper's Motion to Adopt the Defendants' Summary Judgment Motion (Doc. No. 32) be GRANTED.

3. Defendants Hoy, Hickerson, and Jumper be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 22nd day of February, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE